United States District Court
Southern District of Texas
**ENTERED**
January 26, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OTIS LANIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-03337 |
| | § | |
| AMGUARD INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant's Motion for Summary Judgment and Motion for Sanctions, filed concurrently (Doc. #29), Plaintiff's Response (Doc. #30), and Defendant's Reply (Doc. #33). Having considered the parties' arguments and the applicable legal authorities, the Court grants the Motion for Summary Judgment and denies the Motion for Sanctions.

**I.   Background**

This case arises from an insurance dispute. Defendant AmGUARD Insurance Company ("Defendant") issued a Homeowner's Policy that covered Plaintiff Otis Lanier's ("Plaintiff") home located at 5343 Oak Falls Dr., Houston, Texas 77066 (the "Property") from June 7, 2021, to June 7, 2022 (the "Policy"). Doc. #29, Ex. 1, Ex. 2. Plaintiff alleges that on September 14, 2021, the Property sustained damage as a result of Hurricane Nicholas. Doc. #21 at 3. According to Plaintiff, "the storm's high winds and heavy rain" caused "substantial damage to the roof," which in turn led to "water intrusion" that compromised the integrity of the Property. *Id.* On March 17, 2022, Plaintiff submitted a claim to Defendant under the Policy, reporting the hurricane damage.

Doc. #29, Ex. 2. On March 28, 2022, Defendant investigated the claim and determined that while certain roof shingles were damaged by the storm, the claimed interior water damage predated the storm or was inconsistent with storm-related damage. Doc. #29, Ex. 3 at 3, 8.

Following Defendant's investigation, Plaintiff retained counsel and sent a letter to Defendant on July 12, 2022, invoking appraisal and demanding $119,998.78 in "Recoverable Cost Value," as well as $10,000 in attorney's fee and costs. Doc. #29, Ex. 7. On August 2, 2022, Defendant issued a claim payment for $14,427.88, which resulted in a net payment of $8,934.15 after application of depreciation and the Policy's deductible. Doc. #30, Ex. 5. While the appraisal process was pending, Plaintiff sold the Property. Doc. #21 at 4.

On August 1, 2024, Plaintiff filed suit against Defendant in the 270th Judicial District Court of Harris County, Texas. Doc. #1; Doc. #1, Ex. 4. On September 9, 2024, Defendant removed the case to this Court based on diversity jurisdiction[1]. Doc. #1. On December 12, 2024, Plaintiff filed his First Amended Complaint, the live pleading, asserting claims for (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) violations of the Texas Deceptive Trade Practices Act ("DTPA"); and (4) violations of the Texas Insurance Code. Doc. #21 at 7–12. On December 26, 2024, Defendant filed a counterclaim seeking declaratory relief and sanctions for filing this lawsuit in bad faith. Doc. #22 at 19. On October 3, 2025, Defendant filed a combined Motion for Summary Judgment and Motion for Sanctions. Doc. #29. In this Order, the Court will first address Defendant's Motion for Summary Judgment and then turn to the Motion for Sanctions.

---

[1] Defendant has made clear in its Notice of Removal that it is a citizen of Nebraska and Pennsylvania. Doc. #1 at 2. Although Plaintiff states in the First Amended Complaint that Defendant is a Texas company, the Court finds this assertion to be a drafting error, particularly given Plaintiff also alleges that the parties are citizens of different states. *See* Doc. #21 at 2.

## II. Legal Standard

Summary judgment is proper where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The moving party bears the initial burden on demonstrating the absence of a genuine issue of material fact." *Carnes Funeral Home, Inc. v. Allstate Ins. Co.*, 509 F. Supp. 3d 908, 915 (S.D. Tex. 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If that burden is met, "the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial." *Id.* (citing FED R. CIV. P. 56(e)). Courts must "construe[] 'all facts and inferences in the light most favorable to the nonmoving party.' Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir.2010)).

## III. Analysis

### a. Motion for Summary Judgment

#### 1. Plaintiff's Breach of Contract Claim

Defendant first moves for summary judgment on Plaintiff's breach of contract claim. Defendant argues that it has already paid the insurance claim, and Plaintiff materially breached the conditions precedent to recover under the Policy for any additional sums. Doc. #29 at 11. The Loss Settlement provision of the Policy states that Defendant "will pay no more than the actual cash value of the damage until actual repair or replacement is complete." Doc. #29, Ex. 1 at 39. The Policy also outlines Plaintiff's "Duties After Loss." *Id.* at 51–52. Plaintiff is required to

"[c]ooperate with [Defendant] in the investigation of a claim." *Id.* at 51. If repairs to the Property are required, Plaintiff must "[k]eep an accurate record of repair expenses." *Id.* Plaintiff must also "[p]rovide [Defendant] with records and documents" that Defendant requests. *Id.* If Plaintiff fails to comply with those duties and his failure prejudices Defendant, Defendant has "no duty to provide coverage" under the Policy. *Id.*

In response, Plaintiff asserts that he "produced repair receipts and estimates." Doc. #30 at 11. However, Plaintiff has attached no evidence of these receipts. Furthermore, at his deposition, Plaintiff testified: "I don't remember what I replaced and didn't replace." Doc. #29, Ex. 9 at 6. The Court finds that Plaintiff's inability to identify or substantiate repairs demonstrates a failure to cooperate with Defendant's investigation of the claim. That said, under Texas law, "[a]n insured's failure to cooperate will not operate to discharge the insurer's obligations under the policy unless the insurer is actually prejudiced or deprived of a valid defense by the actions of the insured." *Martinez v. ACCC Ins. Co.*, 343 S.W.3d 924, 930 (Tex. App.—Dallas 2011, no pet.).

Here, the Policy specifies that Defendant's payment for repairing damaged property is determined by the lowest of three measures, one of which is the "necessary amount actually spent to repair or replace the damaged building." Doc. #29, Ex. 1 at 38. This provision protects Defendant from paying for costs that the insured did not actually incur. Here, Plaintiff has failed to produce any documentation showing what, if anything, he spent on covered repairs. That failure violated the Policy's documentation and cooperation requirements and prejudiced Defendant. *See Bradshaw v. AmGuard Ins. Co.*, No. CV 23-3536, 2025 WL 2306828, at *7 (S.D. Tex. Aug. 11, 2025) (finding prejudice where the insured failed to produce documentation required under the insurance policy). Summary judgment on Plaintiff's breach of contract claim therefore follows. *See id.* (granting summary judgment where the insurance company had fulfilled its obligations

and plaintiff failed to provide documentation of repairs). Accordingly, Plaintiff's breach of contract claim is dismissed with prejudice. Furthermore, the Court grants Defendant's counterclaim for declaratory judgment to the limited extent that the Court declares the Policy does not provide coverage for the unpaid losses alleged in Plaintiff's First Amended Complaint.

### 2. Plaintiff's Extra-Contractual Claims

Next, Defendant contends that because Plaintiff's breach of contract claim fails, so too must his claims for extra-contractual liability. Doc. #29 at 14–16. Generally, "[w]hen the issue of coverage is resolved in the insurer's favor, extra-contractual claims do not survive." *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010). Unless Plaintiff can show an injury independent of the right to policy benefits, the general rule will apply and preclude recovery. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 499-501 (Tex. 2018). Here, Plaintiff has failed to produce any evidence of an injury independent of the alleged loss of policy benefits. *See Polyindex, LLC v. Euler Hermes N. Am. Ins. Co.*, No. CV H-22-00128, 2023 WL 6035667, at *6 (S.D. Tex. Apr. 18, 2023) (granting summary judgment on extra-contractual claims where plaintiff failed to demonstrate an independent injury). Accordingly, the Court grants summary judgment on Plaintiff's extra-contractual claims. Plaintiff's claims for breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, and violations of the Texas Insurance Code are dismissed with prejudice.

### b. Motion for Sanctions

Finally, Defendant seeks sanctions against Plaintiff and his counsel, asserting that Plaintiff's filings contain factual inconsistencies, that counsel should have known this action was groundless based on its representation of Plaintiff in prior insurance claims and lawsuits involving the same Property, and that counsel has a history of pursuing meritless insurance disputes. Doc.

#29 at 17–19. Accordingly, Defendant seeks sanctions under Texas Insurance Code §541.153, Texas Civil Practice and Remedies Code §10.001, and §17.50(c) of the DTPA. *Id.* at 19.

Texas law authorizes sanctions against attorneys or parties who file frivolous actions for the purposes of harassment. *See DTND Sierra Invs., L.L.C. v. HSBC Bank USA, N.A.*, 627 F. App'x 285, 287-88 (5th Cir. 2015) (per curiam) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 10.001). Similarly, Texas courts and federal courts have recognized that claims under DTPA § 17.50(c) and Texas Insurance Code § 541.153 may support sanctions for claims that are groundless, made in bad faith, or brought for the purposes of harassment. *Arizpe v. Principal Life Ins. Co.*, No. 3:18-CV-1010-G, 2019 WL 4246598, at *2 (N.D. Tex. Sept. 6, 2019). Whether a case meets these standards is a "question to be determined by the trial court." *Id.*

The Court is aware of and does not minimize the observations of another judge in the Southern District of Texas concerning Plaintiff's counsel, Eric B. Dick and the Dick Law Firm, PLLC, including findings of a "pattern of abusive litigation tactics," and the fact that the district judge placed "under advisement whether to separately refer Eric B. Dick and the Dick Law Firm, PLLC, to the State Bar of Texas for disciplinary proceedings and/or for consideration by the Southern District of Texas for revocation of admittance to practice before the federal courts of the Southern District of Texas." *Shelby v. AmGuard Insurance* Company, 4:24-cv-01128 (S.D. Tex. Jul. 11, 2025). Those warnings are serious. Nonetheless, the Court limits its analysis to the specific record and conduct before this Court. On the record presented here, the Court finds that Plaintiff's claims, while ultimately unsupported by competent summary judgment evidence, were not groundless, brought in bad faith, or pursued for the purpose of harassment. Plaintiff's claims were supported by "at least a colorable argument [] and appear to have been filed in an effort to

vindicate the alleged violation of [his] rights." *Arizpe*, 2019 WL 4246598, at *5. A case is not groundless "simply because the plaintiff failed to convince the jury of the truth of his allegations." *Rutherford v. Riatta Cadillac Co.*, 809 S.W. 2d 535, 538 (Tex. App.–San Antonio 1991). Moreover, "[b]ad faith does not exist simply because a party exercises bad judgment or is negligent." *Arizpe*, 2019 WL 4246598, at *3 (internal quotation and citation omitted). Ultimately, the record in this case does not establish the degree of bad faith or improper purpose necessary to justify the imposition of monetary sanctions. The Court finds that dismissal on the merits adequately addresses the deficiencies in Plaintiff's claims and eliminates any continued burden on Defendant or the Court. Accordingly, Defendant's Motion for Sanctions is denied.

### IV.   Conclusion

In conclusion, Defendant's Motion for Summary Judgment (Doc. #29) is hereby GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE. Furthermore, Defendant's Motion for Sanctions (Doc. #29) is DENIED. All other pending motions are DENIED as MOOT. The Court will enter a separate Final Judgment.

It is so ORDERED.

JAN 2 6 2026
_____          _____
Date                             The Honorable Alfred H. Bennett
                                 United States District Judge